**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBRAHIM MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFREY SINCKLER,<br><br>Defendant. | Case No. 2:25-cv-00019 (BRM)(JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Ibrahim Mohammed's ("Plaintiff") objection to a Report and Recommendation ("R&R") by the Hon. José R. Almonte, U.S.M.J.,[1] dated March 4, 2026, which holds this Court lacks personal jurisdiction over *pro se* defendant Geoffrey Sinkler ("Defendant"). (ECF No. 31.) Defendant opposed Plaintiff's objection. (ECF No. 33.)

Having reviewed and considered the submissions filed in connection with the motion and R&R and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's objection is **OVERRULED**, the R&R (ECF No. 31) is **ADOPTED**, Defendant's motion to dismiss (ECF No. 26) is **GRANTED**, and Plaintiff's request for transfer (ECF No. 33) is **DENIED**.

---

[1] On November 29, 2025, Defendant filed a motion to dismiss. (ECF No. 26.) This Court referred the motion to Judge Almonte on December 4, 2025. On December 18, 2025, Plaintiff opposed Defendant's motion (ECF No. 27), and three days later, Defendant filed a reply brief (ECF No. 28), which he refiled on December 24, 2025 (ECF No. 29). On February 25, 2026, Plaintiff filed a request for judicial notice of various judicial orders and court filings. (ECF No. 30.)

## I.    BACKGROUND

To determine whether Plaintiff made out a prima facie case of personal jurisdiction, this Court accepts the allegations in the complaint "as true and . . . construe[s] any disputed facts in [Plaintiff's] favor."[2] *See Fatouros v. Lambrakis*, 627 F. App'x 84, 87 (3d Cir. 2015).

Plaintiff is a "[b]usiness [p]erson" and real estate investor in New York. (ECF No. 1 ¶ 1; ECF No. 3 ¶ 2.) Defendant is a real estate investor who resides in Florida. (ECF No. 1 ¶ 2; ECF No. 3 ¶ 3.) Plaintiff and Defendant were engaged in two real estate transactions. (ECF No. 1 ¶¶ 3–4; ECF No. 3 ¶¶ 10–11.) Their business relationship soured—around January 2024, Defendant filed two lawsuits in New York against Plaintiff, alleging Plaintiff abused the parties' business relationship to steal Defendant's real property. (ECF No. 1 ¶¶ 5, 7–8; ECF No. 3 ¶¶ 12, 14–15.) On January 2, 2025, Plaintiff brought suit in this Court, alleging that various allegations asserted in Defendant's suits were actionable defamation. (ECF No. 1.)

After reviewing Plaintiff's complaint and having determined the complaint did not sufficiently establish this Court's subject matter jurisdiction, on February 7, 2025, this Court ordered Plaintiff to file an amended complaint setting forth the parties' citizenship. (ECF No. 2.) On February 12, 2025, Plaintiff filed an amended complaint. (ECF No. 3.) Having screened Plaintiff's amended complaint, this Court ordered the Clerk's Office to file the operative complaint and to issue a summons. (ECF No. 7.) The Court also directed the U.S. Marshal to serve a copy of the operative complaint and summons upon Defendant and held that all costs of service shall be

---

[2] Defendant contends he was not properly served with the amended complaint. (ECF No. 26 ¶ 6; ECF No. 33 at 1–2.) Because this Court's personal jurisdiction and futility analyses rely on allegations set forth in *both* the complaint and amended complaint, and because this Court is not bound by the pleadings in determining whether it has personal jurisdiction over Defendant, Defendant's service argument has no bearing on the analysis set forth in this Opinion. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

2

advanced by the United States. (*Id.*)

The U.S. Marshal served Defendant on July 18, 2025. (ECF No. 10.) On August 11, 2025, Plaintiff sought an entry of default as to Defendant (ECF No. 11), which the Clerk's Office entered the following day (Docket Entry Dated August 12, 2025). This Court "directed [Plaintiff] to move this civil action by requesting that default judgment be entered or submitting an extension to Answer out of time" by August 27, 2025. (ECF No. 12.) Plaintiff filed a letter requesting default judgment on August 14, 2025. (ECF No. 15.) A week later, Defendant filed a letter requesting an extension of time to file a responsive pleading (ECF No. 13 at 2), which this Court granted (ECF No. 14). Accordingly, this Court denied Plaintiff's request for default judgment. (ECF No. 16.)

Defendant filed an answer on October 6, 2025, but it did not contain a wet or scanned signature. (ECF No. 18.) On October 10, 2025, Defendant filed an amended answer, which included three counterclaims. (ECF No. 19.) Defendant's amended answer not only asserts that "the District of New Jersey is an improper forum and lacks jurisdiction over Defendant," but also that this Court lacks personal jurisdiction over Defendant because he was not served with Plaintiff's amended Complaint.[3] (*Id.* ¶¶ 12, 13.) On October 22, 2025, Judge Almonte ordered the parties to brief the issue of whether the Court has personal jurisdiction over Defendant. (ECF No. 20.)

Defendant filed his brief addressing the personal jurisdiction issue on October 26, 2025 (ECF No. 23), and Plaintiff filed his brief on that issue on November 18, 2025 (ECF No. 24). After reviewing those briefs, Judge Almonte ordered the parties to proceed with motion practice. (ECF

---

[3] Plaintiff opposed Defendant's amended answer and contested his counterclaims on October 23, 2025. (ECF No. 21.)

No. 25.) Defendant filed what this Court construes as a motion to dismiss on November 29, 2025.[4] (ECF No. 26.) On December 18, 2025, Plaintiff opposed that motion. (ECF No. 27.) Defendant filed a reply on December 21, 2025.[5] (ECF No. 28.) On February 25, 2026, Plaintiff asked the Court to take judicial notice of various court filings from the parties' litigation in New York. (ECF No. 30.)

Judge Almonte focused his R&R on the issue of personal jurisdiction. (ECF No. 31 at 4–8.) First, Judge Almonte concluded this Court cannot exercise general jurisdiction over Defendant. (*Id.* at 5.) Second, Judge Almonte determined that there is no basis for establishing specific jurisdiction over Defendant. (*Id.* at 8.) Judge Almonte's specific jurisdiction analysis is largely premised on the absence of any indication that Defendant directed any activities to New Jersey. (*Id.* at 6–7.) Moreover, Judge Almonte found the "only basis Plaintiff had for commencing this action in New Jersey is that he resides here," which Judge Almonte found to be insufficient for purposes of establishing either general or specific jurisdiction over Defendant. (*Id.* at 8.) Finally, because "[n]either party . . . requested a transfer as an alternative remedy or argued whether another venue is more appropriate to hear this case," Judge Almonte declined to recommend a transfer. (*Id.* at 9.)

Plaintiff timely filed an objection to the R&R. (ECF No. 32.) However, Plaintiff's objection as to Judge Almonte's personal jurisdiction analysis merely notes (1) federal courts are governed by Rule 4 and (2) the question of personal jurisdiction over an out-of-state defendant is a question of law. (*Id.* at ¶¶ 4–5 (citing *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*, 983 F.2d 551, 554 (3d Cir. 1993)).) Plaintiff also asks this Court to transfer the action to a venue in either Florida or

---

[4] This Court referred the motion to Judge Almonte on December 4, 2025.

[5] Defendant provided an identical filing on December 24, 2026. (ECF No. 29.)

New York if, like Judge Almonte, this Court concludes it lacks personal jurisdiction over Defendant. (*Id.* ¶ 6.)

## II.     LEGAL STANDARD

### A.  Review of a Magistrate Judge's Decision

With respect to a district judge's review of a magistrate judge's decision, Rule 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, Local Civil Rule 72.1(c)(1)(A) provides "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days," and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Local Civ. R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function").

The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United*

*States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### B.  Rule 12(b)(2)

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "In reviewing a motion to dismiss for lack of personal jurisdiction, a court 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Smith v. Zimmer US, Inc.*, Civ. A. No. 19-6863, 2020 WL 487029, at *1 (D.N.J. Jan. 29, 2020) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). "But when a defendant raises a jurisdictional defense, 'a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper.'" *Id.* (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). In determining whether it has personal jurisdiction, the Court is not bound by the pleadings, *Dayhoff Inc.*, 86 F.3d at 1302, and, to the extent they are material, will include relevant allegations pertaining to jurisdiction in its summary of the facts, while construing all disputed facts in favor of the plaintiff. *Carteret Sav. Bank*, 954 F.2d at 142 n.1.

Pursuant to Rule 4(k), a federal district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendants to the fullest extent as allowed under the Fourteenth Amendment of the United States Constitution. N.J. Ct. R. 4:4-4; *Eaton Corp.*

*v. Maslym Holding Co.*, 929 F. Supp. 792, 796 (D.N.J. 1996). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Therefore, "parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing *Carteret Sav. Bank*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). General jurisdiction requires continuous and systematic contacts and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (alterations in original) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Int'l Shoe Co.*, 326 U.S. at 317. While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Ops.*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home.*" (emphasis added)). "It may be that whatever special rule exists permitting 'continuous and

7

systematic' contacts to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations . . . ." *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 610 n.1 (1990) (citation omitted) (quoting *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 440 (1952); and then quoting *Int'l Shoe Co.*, 326 U.S. at 316).

Specific jurisdiction, however, may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (citation omitted) (first quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); and then quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). More specifically, specific jurisdiction requires: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *WAG Acquisition, LLC v. Multi-Media, LLC*, Civ. A. No. 14-1661, 2015 WL 5310203, at *12 (D.N.J. Sept. 10, 2015); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (stating "what is necessary [for specific jurisdiction] is a deliberate targeting of the forum").

A court's exercise of personal jurisdiction "requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Additionally, due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hall*, 466 U.S. at 414 (quoting *Int'l Shoe Co.*, 326 U.S. at 316); *see also O'Connor*, 496 F.3d at 316–23 (discussing the three-step process to determine personal jurisdiction). Importantly, "the defendant's conduct and connection with the forum State [must be]

8

such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[T]he state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Rather, "[j]urisdiction is proper when the state of a plaintiff's residence is 'the focus of the activities of the defendant out of which the suit arises.'" *Id.* (quoting *Keeton*, 465 U.S. at 780).

Moreover, "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Lebel v. Everglades Marina, Inc.*, 558 A.2d 1252, 1255 (N.J. 1989) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 297–98). Indeed, the three-part inquiry is meant to ensure an out-of-state defendant will not be haled into court based on "random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person." *Croat v. Mission Fine Wines, Inc.*, Civ. A. No. 19-17786, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) (quoting *Stevens v. Welch*, Civ. A. No. 10-3928, 2011 WL 541808, at *3 (D.N.J. Feb. 7, 2011)). The plaintiff "bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

## III.    DECISION

### A.  The Court Lacks Personal Jurisdiction Over Defendant.

Judge Almonte's R&R correctly held this Court may not exercise personal jurisdiction over Defendant. Plaintiff objects to the R&R by raising Rule 4, which, given Plaintiff's *pro se* status,

the Court construes as an assertion that Judge Almonte failed to follow Rule 4. (ECF No. 32 ¶ 4.) However, Judge Almonte's personal jurisdiction analysis abides by that rule. First, as Judge Almonte concluded (ECF No. 31 at 4–5), Defendant is not "at home" in New Jersey. *Goodyear Dunlop Tires Ops., S.A.*, 564 U.S. at 919. Indeed, based on Plaintiff's own allegations, Defendant is a citizen of Florida. (ECF No. 3 ¶ 6 ("Defendant . . . is a citizen . . . of Florida."); *see also* ECF No. 1-4 ("[Defendant] [is] an 80[-]year[-]old resident of . . . Florida . . .  [who] lived the better days of [his] life in . . . New York.").)

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Bristol-Myers Squibb v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Ops., S.A.*, 564 U.S. at 924). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Here, as alleged, Defendant is physically present in Florida and has an intent to remain there indefinitely. (ECF No. 1-4 ¶ 1; ECF No. 3 ¶ 5.) Therefore, he is domiciled in (and a citizen of) Florida. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973))). Accordingly, as Judge Almonte held (ECF No. 31 at 4–5), this Court may not exercise general jurisdiction over Defendant, and Plaintiff has failed to demonstrate the facts necessary to hold otherwise. *See Renaissance Marine, Inc.*, 566 F.3d at 330 (holding that once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction).

10

Second, Judge Almonte's specific jurisdiction analysis—particularly his determination that this Court may not exercise specific jurisdiction over Defendant—is sound. As discussed, specific jurisdiction may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 472–73 (citation omitted) (first quoting *Hustler Magazine, Inc.*, 465 U.S. at 774; and then quoting *Hall*, 466 U.S. at 414). Specific jurisdiction requires: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *WAG Acquisition, LLC*, 2015 WL 5310203, at *12.

As to the first element, Judge Almonte found Plaintiff failed to "allege that Defendant directed any of his activities to New Jersey." (ECF No. 31 at 6.) This Court agrees. First, both real estate transactions involve real property located in New York. (ECF No. 1 ¶¶ 3–4; ECF No. 3 ¶¶ 10–11.) Second, the real estate transactions were "entirely brokered and consummated in New York with no indication that any aspect of these transactions took place in New Jersey." (ECF No. 31 at 6 (citing ECF Nos. 1-1, 1-2).) Third, the allegedly defamatory statements over which Plaintiff is suing were made in Defendant's filings in a state court in New York. (ECF No. 1 ¶¶ 7–8; ECF No. 3 ¶¶ 14–15.)

Moreover, the "brunt" of the supposed injury caused by the alleged libel would be felt—if at all—in New York, the state where Plaintiff is domiciled. *See Calder v. Jones*, 465 U.S. 783, 788 (1984); *see also Frazier v. Eagle Air Med Corp.*, Civ. A. No. 21-136, 2022 WL 1303070, at *7 (D.N.D. May 2, 2022) ("[T]he brunt of the injury—damage to Sentinel's reputation—would logically be felt where Sentinel and Frazier are domiciled . . . ."). Plaintiff has failed to establish that Defendant purposefully directed his activities at residents of New Jersey; therefore, as Judge

11

Almonte concluded, this Court may not exercise specific jurisdiction over Defendant.

In sum, this Court lacks either general or specific jurisdiction over Defendant.[6] Because Plaintiff has failed to establish that Judge Almonte's determination as to personal jurisdiction was clearly erroneous or contrary to law, Plaintiff's objection is **OVERRULED**, and Judge Almonte's R&R is **AFFIRMED**.

### B. Transfer Would Be Futile.

Judge Almonte declined to recommend a transfer because (1) he concluded he had insufficient information for purposes of determining whether a transfer is in the interests of justice, and (2) "[n]either party . . . requested a transfer as an alternative remedy or argued another venue is more appropriate to hear this case." (ECF No. 31 at 9.) Still, Plaintiff asks this Court to transfer this action to either a court in Florida or New York. (ECF No. 32 ¶ 6.) Defendant, however, contends transfer is not only unwarranted, but also futile. (ECF No. 33 at 1.) As to the transfer being unwarranted, Defendant argues Plaintiff's failure to effectuate proper service means this Court does not have personal jurisdiction over Defendant and time to effectuate proper service has expired. (*Id.* at 2.) As to futility, Defendant argues "statements contained in pleadings filed in a New York judicial proceeding . . . are absolutely privileged as a matter of law . . . in New York, New Jersey, and Florida." (*Id.* at 1.)

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C.

---

[6] Because this Court agrees it may not exercise personal jurisdiction over Defendant because it lacks both general and specific jurisdiction, this Court need not also address whether it lacks personal jurisdiction over Defendant based on Plaintiff's supposed failure to serve the amended complaint.

§ 1631 (emphasis added). However, dismissal in lieu of transfer is appropriate where it is clear that transfer would be "a futile waste of judicial and party resources." *United States v. Foy*, 803 F.3d 128, 136 n.7 (3d Cir. 2015). Here, transferring this matter to a court in New York or Florida would be an exercise in futility.

Under New York law, "[g]enerally, statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court are accorded an absolute privilege, as long as the statements may be considered in some way 'pertinent' to the issue in the proceeding." *Weinstock v. Sanders*, 144 A.D.3d 1019, 1020 (N.Y. App. Div. 2016) (quoting *Martirano v. Frost*, 255 N.E.2d 693, 694 (N.Y. 1969)). "The test of pertinency to the litigation is extremely liberal, so as to embrace anything that may possibly or plausibly be relevant or pertinent." *Id.*

Under Florida law, statements made in a complaint are covered by a qualified litigation privilege so long as the alleged defamatory statements are relevant to the judicial proceeding. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 383 (Fla. 2007) (citing *Myers v. Hodges*, 44 So. 357, 361–62 (Fla. 1907)). "The issue of whether a statement is connected with or related to the subject of inquiry is a threshold determination to be made by a judge, mindful that 'much latitude must be allowed to the judgment and discretion of those who maintain a cause in court' when 'determining what is pertinent.'" *Zuccarelli v. Barfield*, 165 So. 3d 830, 832 (Fla. Dist. Ct. App. 2015) (quoting *Myers*, 44 So. at 362.).

Rather than reciting each allegedly defamatory statement, this Court incorporates the statements asserted in Plaintiff's original and amended complaint by reference. (ECF No. 1 ¶ 5; ECF No. 3 ¶ 12.) In essence, Plaintiff contends Defendant's statements alleging fraud, dishonesty, theft, breach of the duties of care, loyalty, honesty, good faith, fair dealing, and the

obligation to act in the best interest of Plaintiff are defamatory. (ECF No. 1 ¶ 5; ECF No. 3 ¶ 12.)

Plaintiff also appears to argue that Defendant's assertion that Plaintiff is a "'vulture real estate

investor' who preys and continues to prey on the vulnerable like [Defendant]" is also defamatory.

(ECF No. 1 ¶ 5; ECF No. 3 ¶ 12.) These statements were made in lawsuits that included the

following causes of action: breach of fiduciary duty, unjust enrichment, fraudulent

misrepresentation, and breach of contract. Complaint at 5–11, *Sinckler v. Mohammed*, Index No.

800274/2024E (N.Y. Sup. Ct. Jan. 8, 2024); Complaint at 5–11, *Sinckler v. Mohammed*, Index

No. 800555/2024E (N.Y. Sup. Ct. Jan. 11, 2024). Additionally, in both lawsuits, Defendant asks

the court to impose a constructive trust against the subject property, seeks to quiet title to said

property, and seeks, as an alternative remedy, the partition and sale of said property. Complaint

at 5–11, *Sinckler v. Mohammed*, Index No. 800274/2024E (N.Y. Sup. Ct. Jan. 8, 2024);

Complaint at 5–11, *Sinckler v. Mohammed*, Index No. 800555/2024E (N.Y. Sup. Ct. Jan. 11,

2024).

  In light of these statements and the underlying causes of action raised in Defendant's

lawsuits, under both Florida and New York law,[7] it is evident that the allegedly defamatory

---

[7] If this Court were to transfer this matter, the transfer would be for improper venue; accordingly, the transferee court generally would apply the substantive law it would have applied had the action been brought there initially. *See Ramsaroop v. United Airlines, Inc.*, Civ. A. No. 21-0738, 2022 WL 462092, at *4–7 (D.N.J. Feb. 15, 2022) (applying New Jersey's choice of law analysis after concluding the case "never belonged in the Eastern District of New York in the first place" and "a plaintiff can obtain no advantage from filing a case in the wrong district"). Here, the transferee court (either a court in New York or Florida) would have no reason to apply New Jersey law. Accordingly, this Court need not assess whether the alleged defamatory statements would be covered under a litigation privilege pursuant to New Jersey law.

However, even under New Jersey law, the statements are covered by an absolute litigation privilege. *See Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995) ("The absolute privilege applies to 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

14

statements regarding fraud and the like, though perhaps colorful in nature, are pertinent to the judicial proceedings. *See, e.g.*, *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1108 (N.Y. 2011) ("Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" (quoting *Lama Holding Co. v. Smith Barney*, 668 N.E.2d 1370, 1373 (N.Y. 1996))). Here, the dispute at the heart of Defendant's lawsuits is Plaintiff's supposed abuse of the parties' business relationship to steal Defendant's real property. Complaint at 5–11, *Sinckler v. Mohammed*, Index No. 800274/2024E (N.Y. Sup. Ct. Jan. 8, 2024); Complaint at 5–11, *Sinckler v. Mohammed*, Index No. 800555/2024E (N.Y. Sup. Ct. Jan. 11, 2024). Given the liberalness afforded by New York law, *Weinstock*, 144 A.D.3d at 1020, and the latitude provided by Florida law in determining pertinency, *Zuccarelli*, 165 So. 3d at 832, it is clear the allegedly defamatory statements at issue are privileged. Accordingly, transfer would be futile.

---

connection or logical relation to the action.'" (quoting *Silberg v. Anderson*, 786 P.2d 365, 369 (Cal. 1990) (en banc))). The statements here were made in judicial proceedings by way of Defendant's complaints, which alleged Plaintiff stole Defendant's real property. Complaint at 5–11, Index No. 800274/2024E (N.Y. Sup. Ct. Jan. 8, 2024); Complaint at 5–11, Index No. 800555/2024E (N.Y. Sup. Ct. Jan. 11, 2024). Additionally, the statements relate to the causes of action included in those complaints.

IV.    CONCLUSION

For the reasons set forth above, Plaintiff's objection is **OVERRULED**, Judge Almonte's R&R (ECF Nos. 193, 197) is **ADOPTED**, Defendant's motion to dismiss the case for lack of personal jurisdiction (ECF No. 26) is **GRANTED**, and Plaintiff's request for transfer is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: July 22, 2026